## JAMES H. BUTLER & Co. *v.* HENRY W. RIVERS & others.

If a mechanic does work, or furnishes materials for repairs and improvements, made upon two distinct lots, owned by different owners, he cannot, under the Mechanics Lien Law, enforce his lien by one petition embracing both lots and their owners, but must proceed by several petitions against each lot and its owners, for the portion of his claim appropriate to each.

PETITION for the enforcement of a lien under the "Mechanics lien law," claimed by the petitioners for work and labor done, and materials furnished, in the erection and repair of certain buildings, and other improvements on a lot of land situated on the west side of North Main Street, in Providence, belonging to the respondents; the claim of the petitioners amounting to the sum of $3,947.64.

The petition was filed at the May Term of the court of common pleas for the county of Providence, 1855; and on the trial of the question of lien or not, at the December term following, before Mr. Justice Sherman, sitting with a jury, it appeared that the petition embraced improvements and repairs made upon buildings situated upon two separate lots of land, once one lot in the ownership of the late Seth Wheaton, Esq., but long before the repairs and improvements were made by the petitioners, divided, and at the time of said repairs, &c., held, the one by Matthew Watson as trustee for Mrs. Mary Rivers, and the other by George and Henry W. Rivers. The petitioners offered to prove that the repairs, &c., were made by them under an unwritten contract, express or implied, in which the respondents, owning both lots, had joined; but the court, rejecting the proof, upon motion dismissed the petition, on the ground that a lien could not be claimed in one proceeding upon two distinct lots of land owned by different persons, although the owners had made a joint contract for the repairs, and the same had been done as one entire job.

The question having been brought to this court upon exceptions to the ruling of the judge, was argued by *B. N. Lapham* and *Wm. H. Potter* for the petitioners, and by *E. H. Hazard* for the respondents.

BRAYTON, J. The act " securing to mechanics payment for repairs and improvements by them made on real estate," gives to every person employed to erect or repair buildings, or to make improvements upon land, in which the person employing him has an interest either in fee, for life or for years, a lien upon the interest which such employer has in the land, and upon the building and improvements thereon. This lien is given in favor of the person employed to make the improvements, to secure him for all the work done, and materials used in the construction or repair of the building or improvements which have been done or furnished by him at the request of such owner. The act also provides for the mode of enforcing this lien against the estate, and levying the money out of the land and the improvements put thereon. The proceeding is *in rem* and not *in personam.* The owner is cited to defend his interest in the estate ; the land, building, &c., are for this purpose made debtor for the improvement put thereon, and precisely to the extent of such improvement, and to the full value of all the labor and materials bestowed upon the particular estate. The estate is not made chargeable with improvements made elsewhere, or work done or materials furnished for other and different estates.

In the case before us, the plaintiff or petitioners are proceeding by this process against two several estates, having distinct owners,—the one owned by Watson, the trustee, and the other by George and Henry W. Rivers ; and this proceeding seeks to charge both estates for the work and materials furnished for each, in effect to make one of them chargeable with work and materials expended upon the other. This the lien act does not warrant, and such lien cannot be maintained. The case of *Gorges* v. *Douglas,* 6 S. & R. 512, decided upon a similar statute in Pennsylvania is to this point, and it is approved in *Davis et al* v. *Farr et al.* 13 Penn. 167.

If the contracts for the repairs and improvements were several as to each estate, it is quite clear, and the counsel concede, that a joint lien could not be sustained ; but they contend that the act intended to give, and does give, security for the contract under which the work is done, and that inasmuch as the work was done, and the materials furnished under a joint

contract with the owners of both estates, a joint lien may well be created.

Were the purpose of the act such as the counsel assume it to be, there would be some ground for the conclusion which they have drawn. We do not, however, discover from the terms of the act any such purpose; on the contrary, we think the purpose of the act, considering its several provisions, was to give a lien for nothing more than the labor and materials furnished for the estate upon which they were actually bestowed, and of which they became part, and not for the security for the performance of contracts generally. It is quite immaterial whether the labor and materials be put there by a joint or a several contract, by one in writing or by parol, express or implied; sufficient is it that they go upon the estate at the request of the owner, and so much as may be furnished on his estate at his request is secured by the act. But work done, or materials furnished to the same owner, if put upon one estate, though done or furnished under the same contract, were not intended to be secured by a lien upon another estate. For the purpose of the lien, the contract is no otherwise material, than as it furnishes proof of the request of the owner to have the work done, or as ascertaining the amount due for it. Several proceedings to enforce the several liens may be maintained, though *the contract* covers work on other estates of the same person, or of other persons; since this fact does not preclude the party from proving what only is necessary to be proved, that the work was done on the estate in question, and that it was done at the request of the owner of that estate.

The evidence offered by the petitioners for the purpose of showing that the buildings in this case were erected or repaired under a *joint* contract with the owners of both lots, with the view of sustaining a good lien, was wholly immaterial, and the petition was properly dismissed.          *Exceptions overruled.*